UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD L. HALL, | ) | 1:11-cv-00693-JLT |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION TO PROCEED |
| | ) | IN FORMA PAUPERIS |
| v. | ) | |
| | ) | (Docs. 9, 11) |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | ORDER DISMISSING COMPLAINT WITH |
| | ) | LEAVE TO AMEND |
| | ) | |
| Defendant. | ) | (Doc. 1) |
| | ) | |

Edward L. Hall ("Plaintiff") seeks to proceed *in forma pauperis* and *pro se* with an action regarding Social Security. Plaintiff initiated this action by filing his complaint on May 2, 2011. (Doc. 1). For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and his complaint is **DISMISSED WITH LEAVE TO AMEND**.

**I.  Proceeding *in forma paueris***

The Court may authorize the commencement of an action without prepayment of fees when an individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Plaintiff receives "General Relief" in the amount of $300, does not possess property, and has no savings. (Doc. 11). Therefore, Plaintiff's application satisfies the requirements of 28 U.S.C. § 1915(a), and his motions to proceed *in forma pauperis* are **GRANTED**.

1

**II.   Screening Requirement**

When a plaintiff is proceeding *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2).  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**III.   Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me unlawfully accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a

claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.

*Iqbal*, 129 S.Ct. at 1949.  Where the factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*  If the Court determines that the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

A.  Jurisdiction

Plaintiff appears to state a claim for Social Security benefits, because his "Civil Cover Sheet" states "Social Security" (Doc. 2), and in the complaint Plaintiff states a doctor said he could not work.  However, it is unclear whether Plaintiff is seeking review of a decision by the Commissioner of Social Security denying disability benefits.  If so, the Court would have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . .The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.*  Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).  The Supreme Court noted that the purpose of the legislation was "to forestall repetitive or belated litigation of stale eligibility claims."  *Califano v. Sanders*, 420 U.S. 99, 108 (1977).

Here, Plaintiff failed to state the facts upon which the Court's jurisdiction depends.  The Court will infer that by indicating a Fresno, California, address on the complaint, Plaintiff alleges that he resides within the Eastern District of California. (Doc. 1 at 1).  However, Plaintiff has not

alleged that he received a decision of an administrative law judge or a review of the decision by the Social Security Administration. Without these basic facts, the Court is unable to determine whether it has jurisdiction over the matter.

### B. Requirements of the Local Rules

The Local Rules of the United States District Court, Eastern District of California, supplement the Federal Rules. Under Local Rule 206, the following information must be included in a complaint:

> (1) In actions involving claims for retirement, survivors, disability, health insurance and black lung benefits, the last four digits of the social security number of the worker on whose wage record the application for benefits was filed (who may or may not be the plaintiff); or
>
> (2) In actions involving claims for supplemental security income benefits, the last four digits of social security number of the plaintiff.

LR 206. Plaintiff's complaint indicates that he seeks Social Security. Therefore, Plaintiff's complaint was not in compliance with the Local Rules, as it should contain the last four digits of Plaintiff's Social Security number.

### IV. Leave to Amend the Complaint

If the Court determines that a complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. *Lopez v. Smith*, 203 F.3d at 1128.

Construing Plaintiff's statements in his complaint liberally, the Court cannot find with certainty that he cannot allege facts, consistent with allegations, in support of the claim or claims

that would entitle him to relief, though it is not clear whether the Court has jurisdiction over the matter.  The Court will grant Plaintiff leave to amend the complaint to cure the deficiencies of his complaint by stating the necessary information, including facts such that the Court may determine that it has jurisdiction over the matter.  Failure to cure the deficiencies will result in a recommendation that the matter be dismissed with prejudice.

Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 110 and will result in dismissal of this action.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's Motions to Proceed In Forma Pauperis (Docs. 9, 11) are **GRANTED**;

2.  Plaintiff's complaint (Doc. 1) **IS DISMISSED** with leave to amend; and

3. Plaintiff is GRANTED twenty-one (21) days from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

IT IS SO ORDERED.

Dated:   **June 29, 2011**                    /s/ Jennifer L. Thurston
                                                                             UNITED STATES MAGISTRATE JUDGE

5