1
2
3
4
5
6
7

8                           UNITED STATES DISTRICT COURT
9                           EASTERN DISTRICT OF CALIFORNIA
10

| | | |
|---|---|---|
| 11 | EDWARD L. HALL, | ) 1:11-cv-00693-JLT |
| 12 | Plaintiff, | ) ORDER TO SHOW CAUSE WHY THE |
| 13 | v. | ) ACTION SHOULD NOT BE DISMISSED FOR ) FAILURE TO PROSECUTE OR OBEY THE ) COURT'S ORDER |
| 14 | COMMISSIONER OF SOCIAL SECURITY, | ) |
| 15 | | ) |
| 16 | Defendant. | ) |
| 17 | | ) |

18    Edward L. Hall ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this action
19 regarding Social Security. Plaintiff initiated this action by filing his complaint on May 2, 2011.
20 (Doc. 1). On June 29, 2011, the Court screened Plaintiff's complaint and found he failed to state
21 facts upon which the Court's jurisdiction depends, because Plaintiff failed to allege he had
22 received a decision of an administrative law judge or review of the decision by the Social
23 Security Administration. (Doc. 12 at 3-4).
24    Plaintiff was ordered to file an amended complaint addressing the deficiencies of the
25 pleadings, and including facts such that the Court could determine that it has jurisdiction over the
26 matter within twenty-one days, or by July 20, 2011. (Doc. 12 at 5) *Id.* at 5. Plaintiff was notified
27 that failure to file an amended complaint would be considered a failure to comply with an order
28 of the Court and would result in dismissal of the action. *Id.* at 5. However, Plaintiff has failed to

file an amended complaint, or otherwise respond to the Court's order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is ORDERED to show cause within FOURTEEN (14) days of the date of service of this Order why the action should not be dismissed for his failure to prosecute or to follow the Court's Order.

IT IS SO ORDERED.

Dated:  **July 29, 2011**                              /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE