1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    EDWARD L. HALL,                          )   1:11-cv-00693-JLT
                                               )
12                     Plaintiff,              )   ORDER TO SHOW CAUSE WHY THE
                                               )   ACTION SHOULD NOT BE DISMISSED OR
13    v.                                       )   IN THE ALTERNATIVE TO FILE AN
                                               )   AMENDED COMPLAINT
14    COMMISSIONER OF SOCIAL                    )
      SECURITY,                                )
15                                             )
                       Defendant.              )
16    _____ )

17          Edward L. Hall ("Plaintiff") is proceeding *pro se* with an action regarding Social Security

18    benefits.  Plaintiff initiated this action by filing his complaint on May 2, 2011.  (Doc. 1).  For the

19    following reasons, Plaintiff is ORDERED to show cause why the action should not be dismissed,

20    or in the alternative to file an amended complaint.

21    **I.  Procedural History**

22          On June 29, 2012, the Court granted Plaintiff's second amended application to proceed *in*

23    *forma pauperis*, and dismissed Plaintiff's complaint with leave to amend.  (Doc. 12).  The Court

24    noted Plaintiff appeared to state a claim for Social Security benefits because the "Civil cover

25    Sheet" named "Social Security" as the defendant in the action and Plaintiff stated a doctor stated

26    he could not work.  *Id.* at 3; *see also* Doc. 2.  The Court found Plaintiff failed to state facts upon

27    which the Court's jurisdiction depends, including whether he sought review of a decision by the

28    Commissioner of Social Security denying disability benefits.  *Id.* at 3.  As a result, the Court

                                                1

dismissed Plaintiff's complaint with leave to amend to address the deficiencies of his complaint, and include facts such that the Court may determine that it has jurisdiction over the matter.

Following Plaintiff's failure to comply with the Court's order, on July 29, 2011 the Court issued an order to show cause why the matter should not be dismissed. (Doc. 13 at 1). Plaintiff was ordered to respond within fourteen days of service, or by August 12, 2012. *Id.* at 2. Plaintiff filed a timely response on August 14, 2011. (Doc. 14).

Plaintiff's August 11, 2011 response to the order to show cause explained his medical issues and that he had assistance in filing the court documents. (Doc. 14). However, Plaintiff failed to address the issue of the Court's jurisdiction as previously ordered.

## II.  Jurisdiction

The Court has limited jurisdiction to review decisions regarding Social Security benefits and the denial of disability claims pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, **after any final decision of the Commissioner made after a hearing to which he was a party**, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow.  Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . .

*Id.* (emphasis added).  Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).  These regulations "operate as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner." *Berrigan v. Astrue*, 2010 U.S. Dist. LEXIS 115390, at * 4-5 (E.D. Cal. Oct. 29, 2010), *citing Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976).

Previously, this Court previously stated, "The limitations to final decisions and to a sixty-day filing period serve to compress the time for judicial review and to limit judicial review to the original decision denying benefits, thereby forestalling repetitive or belated litigation of stale eligibility claims." *Anderson v. Astrue,* 2009 U.S. Dist. LEXIS 79726, at *8-9 (E.D. Cal. Oct. 7, 2008).  Plaintiff has failed to allege facts upon which the Court's jurisdiction depends; he has not

alleged whether he received a decision of an administrative law judge or a review of the decision by the Social Security Administration.  Without these basic facts, the Court is unable to determine whether it has jurisdiction over the matter.

### III.   Failure to Obey the Court's Order

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.  Notably, the Court was unable to determine

1   whether it had jurisdiction over the matter due to Plaintiff's failure to file the notice or an

2   amended complaint.  (Docs. 12-13).

3   **IV.   Conclusion and Order**

4          For the foregoing reasons, Plaintiff is **ORDERED** to show cause within fourteen days of

5   the date of service of this Order why the action should not be dismissed for failure to follow the

6   Court's Order or, in the alternative, to file the amended complaint addressing the issue of the

7   Court's jurisdiction.

8

9   IT IS SO ORDERED.

10  Dated:   **August 11, 2011**                                **/s/ Jennifer L. Thurston**

                                                    UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28