1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                               EASTERN DISTRICT OF CALIFORNIA

10

11   EDWARD L. HALL,                      )   1:11-cv-00693-JLT
                                          )
12                    Plaintiff,          )   FINDINGS AND RECOMMENDATIONS
                                          )   DISMISSING THE ACTION FOR LACK OF
13        v.                              )   JURISDICTION AND FAILURE TO COMPLY
                                          )   WITH THE COURT'S ORDER
14   COMMISSIONER OF SOCIAL               )
     SECURITY,                            )   ORDER DIRECTING CLERK OF THE COURT
15                                        )   TO ASSIGN A UNITED STATES DISTRICT
                      Defendant.          )   JUDGE TO CASE
16   _____)

17        Edward L. Hall ("Plaintiff") is proceeding *pro se* with an action regarding Social Security

18   benefits.  Plaintiff initiated this action by filing his complaint on May 2, 2011.  (Doc. 1).  For the

19   following reasons, the Court recommends Plaintiff's action be **DISMISSED WITH**

20   **PREJUDICE**.

21   **I.  Procedural History**

22        On June 29, 2012, the Court granted Plaintiff's second amended application to proceed *in*

23   *forma pauperis*, and dismissed Plaintiff's complaint with leave to amend.  (Doc. 12).  The Court

24   noted Plaintiff appeared to state a claim for Social Security benefits because the "Civil cover

25   Sheet" named "Social Security" as the defendant in the action and Plaintiff stated a doctor stated

26   he could not work.  *Id.* at 3; *see also* Doc. 2.  The Court found Plaintiff failed to state facts upon

27   which the Court's jurisdiction depends, including whether he sought review of a decision by the

28   Commissioner of Social Security denying disability benefits.  *Id.* at 3.  As a result, the Court

                                              1

1   dismissed Plaintiff's complaint with leave to amend to address the deficiencies of his complaint,

2   and include facts such that the Court may determine that it has jurisdiction over the matter.

3          Following Plaintiff's failure to comply with the Court's order, on July 29, 2011 the Court

4   issued an order to show cause why the matter should not be dismissed.  (Doc. 13 at 1).  Plaintiff

5   was ordered to respond within fourteen days of service, or by August 12, 2012.  *Id.* at 2.  Plaintiff

6   filed a timely response on August 14, 2011.  (Doc. 14).  Plaintiff response to the order to show

7   cause explained his medical issues and that he had assistance in filing the court documents.  *Id.*.

8   However, Plaintiff failed to address the issue of the Court's jurisdiction as previously ordered.

9   Therefore, on August 11, 2011, the Court issued a second order to show cause that explained the

10  Court's inability to determine jurisdiction, and ordered Plaintiff to show cause why the matter

11  should not be dismissed, or in the alternative to file an amended complaint.  (Doc. 15).

12         Plaintiff filed a response to the second order to show cause on August 19, 2011.  (Doc.

13  16).  Plaintiff requested that his case not be dismissed because he cannot work.  *Id.* at 1.  In

14  addition, Plaintiff listed his physical impairments, including: diabetes, a bad heart, swelling and

15  tingling in his feet, a hole in his stomach, cold sweat, drowsiness, breathing difficulties, trouble

16  sleeping, dry mouth, blurry vision, loss of appetite and weight loss.  *Id* at 1-2.  However, Plaintiff

17  failed to address the matter of the Court's jurisdiction, or to allege that he had applied for Social

18  Security benefits and received a final decision from the Commissioner.

19  **II.  Jurisdiction**

20         The Court has limited jurisdiction to review decisions regarding Social Security benefits

21  and the denial of disability claims pursuant to 42 U.S.C. § 405(g), which provides in relevant

22  part:

23         Any individual, **after any final decision of the Commissioner made after a
           hearing to which he was a party**, irrespective of the amount in controversy, may
24         obtain a review of such decision by a civil action commenced within sixty days after
           the mailing to him of such decision or within such further time as the Commissioner
25         may allow.  Such action shall be brought in the district court of the United States for
           the judicial district in which the plaintiff resides, or has his principal place of
26         business . . .

27  *Id.* (emphasis added).  Except as provided by statute, "[n]o findings of fact or decision of the

28  Commissioner shall be reviewed by any person, tribunal, or governmental agency."  42 U.S.C. §

1   405(h).  Notably, Plaintiff has failed to alleged facts upon which the Court's jurisdiction depends.

2    When the Court raised the issue of its limited jurisdiction, Plaintiff responded by listing his

3   medical impairments, similar to those named in his complaint. (Docs. 14, 16).  Plaintiff has

4   failed to allege he received a decision of an administrative law judge or a review of the decision

5   by the Social Security Administration, though the Court informed Plaintiff its jurisdiction was

6   limited to review of final decisions made by the Commissioner of Social Security.  *See* Docs. 12,

7   15.  Consequently, the Court is unable conclude it has jurisdiction over the matter.

8   **III.   Failure to Obey the Court's Order**

9        The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or

10   of a party to comply with . . . any order of the Court may be grounds for the imposition by the

11   Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District

12   courts have inherent power to control their dockets," and in exercising that power, a court may

13   impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los*

14   *Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based

15   on a party's failure to prosecute an action or failure to obey a court order, or failure to comply

16   with local rules.  *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal

17   for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal*

18   *Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order);

19   *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute

20   and to comply with local rules).

21        In determining whether to dismiss an action for failure to obey a court order or failure to

22   comply with the Local Rules, the court must consider several factors, including: "(1) the public's

23   interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

24   risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

25   merits; and (5) the availability of less drastic sanctions."  *Henderson*, 779 F.2d at 1423-24; *see*

26   *also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

27        In the case at hand, the public's interest in expeditiously resolving this litigation and the

28   Court's interest in managing the docket weigh in favor of dismissal.  The risk of prejudice to the

1  defendant also weighs in favor of dismissal, since a presumption of injury arises from the

2  occurrence of unreasonable delay in prosecution of an action.  *See Anderson v. Air West*, 542

3  F.2d 522, 524 (9th Cir. 1976).  The policy favoring disposition of cases on their merits is

4  outweighed by the factors in favor of dismissal.  Notably, the Court was unable to determine

5  whether it had jurisdiction over the matter due to Plaintiff's failure to address the matter of the

6  Court's jurisdiction.

7        When the Court granted Plaintiff leave to amend his complaint, the Court ordered him to

8  "cure the deficiencies of his complaint by stating the necessary information, *including facts such*

9  *that the Court may determine that it has jurisdiction over the matter.*"  (Doc. 12 at 5) (emphasis

10  added).  The Court informed Plaintiff "Failure to cure the deficiencies will result in a

11  recommendation that the matter be dismissed with prejudice."  *Id.*  In addition, in the second

12  order to show cause, the Court informed Plaintiff that failure to comply with the Court's order to

13  show cause may result in dismissal of an action.  (Doc. 15 at 4).  Thus, Plaintiff had adequate

14  warning that dismissal would result from failure to establish jurisdiction or "show cause" for the

15  action to not be dismissed.

16  **IV.  Order**

17        GOOD CAUSE being established therefor, the Court **HEREBY ORDERS** as follows:

18        The Clerk of Court is DIRECTED to assign a United States District Judge to this case.

19  **V.  Findings and Recommendations**

20        For the foregoing reasons, the Court finds it is unable to conclude that it has jurisdiction

21  over the action.  Moreover, Plaintiff failed to comply with the Court's orders to address the

22  matter of jurisdiction (Doc. 12) or to show cause why the matter should not be dismissed (Doc.

23  15).  Accordingly, it is **HEREBY RECOMMENDED** that Plaintiff's Complaint be

24  **DISMISSED**.

25        These Findings and Recommendations are submitted to the United States District Judge

26  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the

27  Local Rules of Practice for the United States District Court, Eastern District of California.

28  Within FOURTEEN (14) days after being served with these Findings and Recommendations, any

1   party may file written objections with the court.  Such a document should be captioned

2   "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

3   failure to file objections within the specified time may waive the right to appeal the District

4   Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

5

6   IT IS SO ORDERED.

7   Dated:   **August 25, 2011**                                    /s/ **Jennifer L. Thurston**
                                                               UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28